**United States District Court**
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

FRANK L. DAVIS,

               Petitioner,

    v.

KEVIN CHAPPELL, warden,

               Respondent.

_____/

No. C 13-1631 SI (pr)

**ORDER ON INITIAL REVIEW**

## INTRODUCTION

      Frank L. Davis, an inmate at San Quentin State Prison, filed this *pro se* action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. His petition is now before the court for review pursuant to 28 U.S.C. §2243 and Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

## BACKGROUND

      The petition provides the following information: Davis was convicted in Monterey County Superior Court of a violation of California Penal Code § 4573.6, unauthorized possession of a controlled substance in prison. On November 15, 2000, he was sentenced to four years in prison, apparently to run consecutively to a sentence on a 1998 conviction. *See* Docket # 1-1, p. 2. Davis states that he appealed, but the dates he reports for decisions on his appeal (i.e., 2011 and 2012) appear to be rather distant from the date of the conviction, and actually

1  match the dates of denial of his state habeas petitions.  The Monterey County Superior Court

2  denied a petition for writ of habeas corpus on April 21, 2011; the California Court of Appeal

3  denied a petition for writ of habeas corpus on August 12, 2011; and the California Supreme

4  Court denied a petition for writ of habeas corpus on April 18, 2012.

5      Davis then filed this action.  His federal petition for writ of habeas corpus is dated March

6  18, 2013, and came to the court in an envelope postmarked April 3, 2013.  The petition was

7  received at the courthouse on April 5, 2013, and stamped "filed" on April 10, 2013.

8

9                                    **DISCUSSION**

10      This court may entertain a petition for writ of habeas corpus "in behalf of a person in

11  custody pursuant to the judgment of a State court only on the ground that he is in custody in

12  violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose*

13  *v. Hodges*, 423 U.S. 19, 21 (1975).  A district court shall "award the writ or issue an order

14  directing the respondent to show cause why the writ should not be granted, unless it appears

15  from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. §

16  2243.  Under Rule 4 of the Rules Governing Section 2254 Cases In The United States District

17  Courts, a district court may also order the respondent to file another pleading where neither

18  summary dismissal nor service is appropriate.

19      The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which became

20  law on April 24, 1996, imposed for the first time a statute of limitations on petitions for a writ

21  of habeas corpus filed by state prisoners.  Petitions filed by prisoners challenging non-capital

22  state convictions or sentences must be filed within one year of the latest of the date on which:

23  (1) the judgment became final after the conclusion of direct review or the time passed for

24  seeking direct review; (2) an impediment to filing an application created by unconstitutional

25  state action was removed, if such action prevented petitioner from filing; (3) the constitutional

26  right asserted was recognized by the Supreme Court, if the right was newly recognized by the

27  Supreme Court and made retroactive to cases on collateral review; or (4) the factual predicate

28

of the claim could have been discovered through the exercise of due diligence.  *See* 28 U.S.C. § 2244(d)(1).  Time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the one-year time limit.  *See id.* § 2244(d)(2).

The petition in this action was filed more than a year after petitioner's conviction became final, and may be untimely under the AEDPA's one-year limitation period.  This apparent procedural problem should be addressed before the court reaches the merits of the claims raised in the petition.  If the petition is time-barred, the litigants and court need not expend resources addressing the claims in the petition.  Accordingly, pursuant to Rule 4 of the Rules Governing Section 2254 Cases In The United States District Courts, respondent must either (1) move to dismiss the petition on the ground that it is untimely, or (2) inform the court that respondent is of the opinion that a motion to dismiss is unwarranted in this case.

## CONCLUSION

Good cause appearing therefor,

1.     The clerk shall serve by certified mail a copy of this order and the petition upon respondent and respondent's attorney, the Attorney General of the State of California.  The clerk shall also serve a copy of this order on petitioner.

2.     Respondent must file with the court and serve upon petitioner, on or before **September 20, 2013**, a motion to dismiss the petition or a notice that respondent is of the opinion that a motion to dismiss is unwarranted.

3.     If petitioner wishes to oppose the motion to dismiss, he must do so by filing an opposition with the court and serving it upon respondent on or before **October 18, 2013**.

4.     Respondent may file and serve a reply on or before **November 8, 2013.**

5.     The motion will be deemed submitted as of the date the reply brief is due.  No hearing will be held on the motion.  If respondent notifies the court that a motion to dismiss is unwarranted or the motion to dismiss is decided against respondent, the court will then determine whether to require an answer to the petition.

3

1    6.    Petitioner's *in forma pauperis* application is GRANTED.  (Docket # 2.)

2    IT IS SO ORDERED.

3  DATED: July 2, 2013

                                    _____
4                                   SUSAN ILLSTON
                                    United States District Judge

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                    4