UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

FRANK L. DAVIS,

    Petitioner,

    v.

KEVIN CHAPPELL, warden,

    Respondent.

No. C 13-1631 SI (pr)

**ORDER OF DISMISSAL**

## INTRODUCTION

Frank L. Davis, an inmate at the San Quentin State Prison, filed this *pro se* action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent has moved to dismiss the petition as untimely. Davis has not opposed the motion, and the deadline by which to do so passed months ago. For the reasons discussed below, the court dismisses the untimely petition.

## BACKGROUND

On November 15, 2000, Davis pled no contest in Monterey County Superior Court to unauthorized possession of a controlled substance in prison and admitted a sentencing enhancement allegation that he had a prior conviction for assault with a firearm. That day, he was sentenced to four years in state prison, to be served consecutively to the sentence he was already serving for a 1998 conviction for assault with a firearm. Davis did not appeal his conviction.

More than a decade later, Davis filed several habeas petitions in the state courts. First, he filed a habeas petition in Monterey County Superior Court on December 27, 2010; that petition was denied on April 21, 2011. Next, he filed a habeas petition in the California Court of Appeal on August 1, 2011; that petition was denied on August 12, 2011. Finally, he filed a

United States District Court / For the Northern District of California

habeas petition in the California Supreme Court on January 11, 2012; that petition was denied on April 18, 2012.

Davis then filed this action. His federal habeas petition has a signature date of March 18, 2013, and was mailed to the court in an envelope with an April 3, 2013 postmark. The envelope was stamped "received" at the courthouse on April 5, 2013, and the petition was stamped "filed" on April 10, 2013. For purposes of the present motion, the court assumes the petition was mailed on the day it was signed, despite the absence of a proof of service. Due to Davis' status as a prisoner proceeding *pro se*, he receives the benefit of the prisoner mailbox rule, which deems most documents filed when they are given to prison officials to mail to the court rather than the day the document reaches the courthouse. *See Stillman v. Lamarque*, 319 F.3d 1199, 1201 (9th Cir. 2003). His federal petition is deemed filed as of March 18, 2013.

## DISCUSSION

Petitions filed by prisoners challenging non-capital state convictions or sentences must be filed within one year of the latest of the date on which: (1) the judgment became final after the conclusion of direct review or the time has passed for seeking direct review; (2) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (3) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (4) the factual predicate of the claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1)(A-D).

Davis' limitations period began on January 14, 2001, when the judgment of conviction became final. *See* 28 U.S.C. § 2244(d)(1)(A). The judgment became final 60 days after the imposition of sentence, as that is when the time for filing a notice of appeal and Penal Code § 1237.5 materials expired. *See* Cal. Rule of Court 8.308(a).

Although Davis has failed to file any opposition to the motion to dismiss, he stated in his petition that "newly discovered claims may be presented when due diligence is demonstrated. (*In re Robbins* (1998) 18 Cal.4th.)" Docket # 1 at 6. Even liberally construing this statement to

be an argument that there should be a delayed start to the limitations period, Davis is entitled to no delayed start because he has made absolutely no showing that his claims are newly discovered. *See* 28 U.S.C. § 2244(d)(1)(D) (one-year limitations period does not start until "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence").

The one-year limitations period may be tolled for the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). Here, Davis did not file any state habeas petition during the one-year limitations period ending on January 14, 2002. His state habeas petitions filed in December 2010 and later did not toll the limitations period that had already expired. *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003). He therefore receives no statutory tolling.

The one-year limitations period can be equitably tolled because § 2244(d) is not jurisdictional. *Holland v. Florida*, 560 U.S. 631, 645 (2010). "'A litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way.'" *Id.* at 655 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Davis makes no argument for any equitable tolling, and none is apparent. Equitable tolling is not warranted.

The limitations period began on January 14, 2001 and was not statutorily or equitably tolled. The limitations period expired on January 14, 2002. Davis' federal petition filed on March 18, 2013 is time-barred.

A certificate of appealability will not issue because this is not a case in which "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

3

**CONCLUSION**

Respondent's motion to dismiss is GRANTED. (Docket # 4.) The petition for writ of habeas corpus is dismissed because it was not filed before the expiration of the limitations period in 28 U.S.C. § 2244(d)(1). The clerk will close the file.

IT IS SO ORDERED.

DATED: March 6, 2014

_____
SUSAN ILLSTON
United States District Judge

4